Francisco M. TORRES, Jr.,
Plaintiff–Appellant,

v.

Charles J. HYNES, Hon. District Attorney Kings County, Good Shanahan, Assist. Dist. Att., Duboise, Ms., Assist. Dist. Att., George Diaz, also known as Director of Technical Services, District Attorney's Enforcement Team, Providers, Judy Mock, Counselor Willard Drug Program, Byron McCreay, Supervisor Tasc Drug Program, Frank Rinaldi, Assist. Dist. Att., Freedman, Ms., Stenographer Superior Court, Undercover 2406 Bklyn. South Narcotic Division, Undercover 11114 Bklyn. South Narcotic Division, Rona Garnet, Of Legal Aid Society of Brooklyn, Liza Salzman, Of The Legal Aid Society of Brooklyn, Unknown Yet Unnamed Defendants, Defendants–Appellees.

Docket No. 00–0294.

United States Court of Appeals,
Second Circuit.

Jan. 16, 2002.

Francisco M. Torres, Jr. pro se, Attica, NY, for Appellant.

William D. Buckley, Garbarini & Scher, N.Y., NY, for Appellees Garnet and Salzman.

Present MESKILL, KEARSE and CALABRESI, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was submitted by plaintiff *pro se* and by counsel for defendants Garnet and Salzman.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

To the extent that the judgment dismissed the claims against defendants Garnet and Salzman, it is affirmed substantially for the reasons stated in Judge Raggi's Memorandum and Order dated June 21, 2000.

Further, on July 25, 2000, the court "so-ordered" a "Stipulation and Order of Settlement and Dismissal" signed by plaintiff and Corporation Counsel of the City of New York ("Stipulation"), which stated, *inter alia,* that "plaintiff agrees to dismissal of all the claims against the individually named defendants and to release all defendants, any present or former employees and agents of the City of New York, any present or former employees and agents of the Kings County District Attorney's Office, and the City of New York from any and all liability, claims, or rights of action arising from and contained in the complaint in this action, including claims for costs, expenses and attorney fees" (Stipulation ¶ 2). In accordance with the Stipulation, in exchange for $1,000, plaintiff executed a general release in favor of the individuals and entities described in the Stipulation. The Stipulation stated that the dismissal was to be "with prejudice"

**94**

(*id.* ¶ 1), and Torres has shown no basis for an appeal against these defendants.

Finally, to the extent that there were defendants (other than Garnet and Salzman) who were not included in the Stipulation, we affirm the judgment dismissing the claims against them substantially for the reasons stated in Judge Raggi's Memorandum and Order dated September 9, 2000.

We have considered all of plaintiff's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.